UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL KENDALL, : | |
|    *Petitioner*, : | |
| : | |
| v. : | Case No. 3:24-CV-2028 (KAD) |
| : | |
| COMMISSIONER QUIROS, : | |
|    *Respondent*. : | |

**RULING ON MOTION TO DISMISS**
**(ECF No. 12)**

      Petitioner Michael Kendall, a self-represented inmate incarcerated at Cheshire Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction, after a jury trial, of one count of capital felony in violation of Connecticut General Statute ("Conn. Gen. Stat.") § 53a-54b(7), one count of capital felony in violation of Conn. Gen. Stat. § 53a-54b(8), three counts of murder in violation of the Conn. Gen. Stat. § 53a-54a, and one count of arson in the first degree in violation of Conn. Gen. Stat. § 53a-111(a)(1). *See* Pet., ECF No. 1; *see also State v. Kendall*, 123 Conn. App. 625, 628 (2010).

      On December 23, 2024, Petitioner filed his original federal petition under § 2254 in this Court. *See* Pet. In it, he raised two claims: (1) "[j]ustice delayed and denied" as a result of a prolonged delay in the disposition of his state court habeas proceedings; and (2) ineffective assistance of defense counsel for failure to "raise the issue of third party culpability, specifically [with regards to] a second suspect who was never investigated." *Id.* at 5, 7.

      On April 4, 2025, Respondent filed a Motion to Dismiss the Petition on non-exhaustion grounds. Mot. to Dis., ECF No. 12.[1] Because it was not clear whether the Petition complied with

---

[1] Respondent provided Petitioner with the Notice to Pro Se Petitioner as required by this District's Local Rule 12(a). Notice, ECF No. 12-2.

28 U.SC. § 2242,[2] the Court ordered Petitioner to "either (1) submit a signed declaration verifying that the individual who signed the Petition was authorized to do so by Petitioner, OR (2) submit his signature for the petition and declaration under penalty of perjury on the court-approved form for petitions brought under 28 U.S.C. § 2254" by May 28, 2025.  Order, ECF No. 16.

On May 20, 2025, Petitioner filed the operative Amended Petition, which is identical to his original Petition, except that it is clearly signed by Petitioner.  Am. Pet., ECF No. 19.

On June 30, 2025, Petitioner filed a Notice that contained arguments in opposition to Respondent's Motion to Dismiss.  Opp'n, ECF No. 25.  In an order issued August 5, 2025, the Court advised the parties that it construes Petitioner's Notice as his opposition to the pending Motion to Dismiss.  Order, ECF No. 26.

To date, Respondent has not filed a reply brief.  Accordingly, the Court considers the Motion to Dismiss ripe for review.  After thorough consideration, the motion is GRANTED.

**I.    Procedural Background**[3]

The Court briefly recounts the facts relevant to Petitioner's exhaustion of his state court remedies.

**Direct Appeal**

After a jury returned the guilty verdicts, Petitioner was sentenced to life in prison without the possibility of parole on February 16, 2007.  Resp't App'x A, ECF No. 12-3, at 42 (record on appeal); *see also State v. Kendall*, No. HHD-CR-04-0191945-T (Conn. Super. Ct.).

---

[2] Under 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

[3] The cited page numbers are the page numbers assigned by the CM/ECF system as reflected in the ECF header, and not the page numbers marked on the documents themselves, if any.

Petitioner filed a direct appeal, asserting the following grounds: "(1) he was deprived of his right to a fair trial as a result of prosecutorial impropriety, (2) the trial court abused its discretion in denying his motion for a competency evaluation, (3) the court improperly denied his *Batson* challenges, (4) the trial court erred in allowing into evidence certain hearsay statements of a deceased person under the spontaneous utterance exception to the hearsay rule, (5) the court trial erred in instructing the jury on the credibility of witnesses and (6) the court erred in refusing to charge the jury on diminished capacity." *Kendall*, 123 Conn. App. at 628 (footnote omitted); Resp't App'x A at 47.

On September 14, 2010, the Connecticut Appellate Court affirmed the judgment of the trial court. *Kendall*, 123 Conn. App. at 673. On October 27, 2010, the Connecticut Supreme Court denied discretionary review. *State v. Kendall*, 299 Conn. 902 (2010).

**State Habeas Actions**

On December 13, 2010, Petitioner filed an application for a writ of habeas corpus in the Rockville Superior Court. *See Kendall v. Warden*, No. TSR-CV-11-4003888-S, 2014 WL 1345310 (Conn. Super. Ct. Mar. 11, 2014); *Kendall v. Comm'r of Corr.*, 162 Conn. App. 23, 25 (2015). In his subsequently amended state petition, Petitioner asserted the following three grounds for habeas relief: (1) ineffective assistance of trial counsel, (2) a violation of his constitutional right to confrontation, and (3) the trial court's failure to instruct the jury on the petitioner's mental capacity. *Kendall*, 162 Conn. at 25.

In a scheduling order setting Petitioner's case to be heard on December 10 and 11, 2013, the habeas court advised Petitioner that any withdrawals should be filed no later than one week

3

before the trial date and that any party attempting to withdraw after that date would be required to show cause why his case should not be "dismissed with prejudice." *Id.* at 26–27.

On December 10, 2013, Petitioner's habeas counsel represented to the habeas court that Petitioner had sent a motion dated December 5, 2013, to continue his case because he required new counsel due to a conflict of interest with counsel. *Id.* at 26 & n.1. The habeas court denied the motion. *Id.* Because Petitioner represented that he did not want to proceed, his habeas counsel called him as his first witness, and the "petitioner indicated prior to being placed under oath that he did not 'want to go forward with this at all.'" *Id.* at 27.

While under oath, Petitioner stated "that he was uncomfortable proceeding with his petition." *Id.* The habeas court advised him that he could "go forward with the trial today, or withdraw it with prejudice." *Id.* After habeas counsel objected to a withdrawal being entered with prejudice, the court reiterated that a "withdrawal would be with prejudice, and informed [Petitioner] of the consequences of not testifying at the hearing." *Id.* Petitioner was excused from the witness stand after he again expressed that he did not intend to testify. *Id.* Habeas counsel then moved to admit a number of exhibits, all of which were admitted, and counsel called as a witness one of the attorneys who had represented Petitioner. *Id.* at 27–28. No additional witnesses were called by either side. *Id.*

The habeas court denied Petitioner's Amended Petition in a decision that addressed, in relevant part, Petitioner's request to withdraw. *Id.* at 28; *see also Kendall*, 2014 WL 1345310, at *1–2. It explained that the court "did not permit the withdrawal without prejudice because 'the petitioner's habeas hearing [had] commenced for purposes of [General Statutes] § 52-80 when the

4

court took the bench to hear evidence on the date and time assigned.'" *Kendall*, 162 Conn. at 28 (alterations in original) (quoting *Kendall*, 2014 WL 1345310, at *2).[4]

After Petitioner appealed, the Connecticut Appellate Court reversed the judgment of the habeas court and remanded the case "with direction to grant the petitioner's request to withdraw his habeas petition without prejudice." *Id.* at 51.

On March 28, 2016, Petitioner filed a second state habeas proceeding. *Kendall v. Comm'r of Corr.*, No. TSR-CV-16-4007951-S (Conn. Super. Ct.); Resp't App'x M, ECF No. 12-15, ¶ 40. Petitioner filed an Amended Petition on June 24, 2019. *See* Resp't App'x M.

Due to the COVID-19 pandemic, Petitioner's scheduled habeas trial was continued by an order issued on May 27, 2020. Resp't App'x N, ECF No. 12-16. After that order, Petitioner moved to dismiss his appointed counsel four times. *See* Resp't App'x O, ECF No. 12-17, at 1–2 (transcript of June 18, 2021); Resp't App'x P, ECF No. 12-18, at 1–2 (transcript of September 22, 2021); Resp't App'x Q, ECF No. 12-19, at 13–16 (transcript of January 20, 2023); Resp't App'x R, ECF No. 12-20, at 4 (transcript of April 4, 2023).

On June 18, 2021, the state court granted Petitioner's first motion to dismiss counsel and referred his case to Office of the Chief Public Defender for assignment of counsel. Resp't App'x O at 12.

In August 2021, Petitioner again moved to dismiss the law firm representing him, asked that his conviction be vacated, and asked that he be released due to the allegedly unreasonable delay in state post-conviction proceedings. Resp't App'x P. The state habeas court granted

---

[4] *See Kendall*, 2014 WL 1345310, at *1 (explaining that Conn. Gen. Stat. § 52–80 "affords a plaintiff in a civil case the unfettered right to withdraw the matter 'before the commencement of a hearing on the merits thereof.' However, in the present case, the court *had* commenced the habeas hearing on the merits by taking the bench to hear evidence. Consequently, the petitioner might only withdraw the habeas case 'by leave of court for cause shown.'").

Petitioner's motion, in part, on September 22, 2021, and again referred the matter to the Office of the Chief Public Defender for assignment of new counsel. *Id.* at 9.

In December 2022, Petitioner once again moved to dismiss the new counsel representing him on grounds that counsel was not communicating with him, but the state habeas court denied Petitioner's motion on January 20, 2023. Resp't App'x Q at 13–27. Approximately one month later, Petitioner again moved to dismiss counsel on grounds of counsel's failure to communicate with him, but the habeas court denied his motion again on April 4, 2023. Resp't App'x R at 3–16.

On August 11, 2023, Petitioner filed another Amended Petition in that case, asserting ineffective assistance of prior habeas counsel for failure to raise claims regarding his trial counsel's (1) failure to present a third-party culpability defense, (2) failure to investigate state witnesses, (3) failure to advise Petitioner of his claims at trial, and (4) failure to meet with Petitioner to go over claim and witnesses. Resp't App'x S, ECF No. 12-21. Petitioner alleged that his habeas counsel erred by failing to raise a claim concerning trial counsel's failure to raise a third-party culpability defense, on the grounds that:

> his DNA and fingerprints were not found on the box of bullets or shell casings recovered from the crime scene, as well as on the glass container believed to have been used to pour the accelerant that started the fire. Also, the smoke detector in the house was removed and a palm print was found on the smoke detector. Petitioner's palm print was compared to the palm print on the smoke detector and came back as not a match.

*Id.* ¶ 25. Petitioner maintained that "had Habeas Counsel, pursuant to his knowledge, skill and training, properly brought this claim against Trial Counsel in Petitioner's previous habeas corpus proceeding, there is a reasonable probability that the judgment would have been remanded back to the Superior Court and Petitioner would have had the opportunity for a new trial." *Id.* ¶ 27.

At a trial management conference on June 7, 2024, habeas counsel indicated Petitioner was interested in raising a new claim that required counsel to retain a fire expert to determine the viability of that issue. Resp't App'x T, ECF No. 12-22, at 2 (transcript of June 7, 2024).

On July 12, 2024, Petitioner's counsel reported that Petitioner believed that the "arson investigation in his case was wrong." Resp't App'x U, ECF No. 12-23, at 1 (transcript of July 12, 2024). Petitioner's counsel explained that "there's really no way for me to know if he has this claim without [h]aving an expert look at his case first." *Id.* Counsel indicated she advised Petitioner that his trial date would have to be continued and that Petitioner indicated he was okay with a lengthy continuance. *Id.* at 1–2. The habeas trial was continued from August 12, 2024, to April 14, 2026. *See Kendall*, No. TSR-CV-16-400751-S.[5]

The Connecticut Judicial website also shows that Petitioner filed a recent habeas petition in Connecticut Superior Court on June 3, 2025, and is proceeding as a self-represented party in that action. S*ee Kendall v. Comm'r of Corr.*, No. TSR-CV-25-5002064-S. This most recent matter has yet to receive a trial date.

**Standard of Review**

In reviewing a motion to dismiss a petition for writ of habeas corpus, the court applies the same standard as when reviewing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018). To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[5] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Publicly available case detail information can be found on the Connecticut Judicial Website at https://civil inquiry.jud.ct.gov.

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). That statute provides that a federal court cannot grant habeas relief unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Thus, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

"The exhaustion doctrine recognizes that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants." *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). Thus, "[t]he exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (noting that the purpose of the exhaustion doctrine is "to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution" (citation and internal quotation marks omitted)). A federal claim has been fairly presented to the state courts only if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal

8

claim in order to find material . . . that does so." *Id.* at 32. Thus, "the claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3; *see* 28 U.S.C. § 2254(b)(1)(B).

The petitioner may present his claim to the state's highest court either on direct or collateral review: "[A] prisoner does not have 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.'" *O'Sullivan*, 526 U.S. at 844 (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)). And the petitioner must seek review in the state's highest court, even if review is discretionary and unlikely to be granted, because petitioners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3; *see* 28 U.S.C. § 2254(b)(1)(B). The petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72–74 (2d Cir. 2005).

**Discussion**

Petitioner admits that he has not exhausted his first claim of justice denied due to the prolonged delay in his state-court proceedings but maintains that the delay has "effectively denied [him] a fair opportunity to challenge [his] conviction + sentence." Am. Pet. at 5. He complains

9

that his state habeas petition pending prior to filing this action is "delayed until April 14, 2026." *Id.*

In his second ground for relief—that trial counsel was ineffective for failing to raise the issue of third-party culpability, "specifically a second suspect who was never investigated"— Petitioner states that he incorporates attached exhibits B and C (the latter of which is not in fact attached to the Amended Petition). *Id.* at 7. Petitioner's exhibit B is a copy of an unsigned and undated *pro se* state habeas petition in which Petitioner claims that "[d]efense counsel failed to completely and/or adequately investigate the identity of the unidentified person witnessed to have been seen at the scene of the crime along with a gray van, prior to, and during the fire, having been seen in the burning dwelling." *Id.* at 19–20. But there is no record that that this petition attached as exhibit B was even filed, let alone adjudicated in the state courts, and so it cannot satisfy the exhaustion requirement under § 2254(b). S*ee* 28 U.S.C. § 2254(b)(1)(A).

Accordingly, Petitioner's two grounds for relief are both unexhausted because he has not afforded the state courts the opportunity to consider his claims through "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Excusal of Exhaustion

Petitioner maintains that he should be excused from his exhaustion requirement due to the delay in his post-conviction state court proceedings and his lack of legal skills and education. Opp'n at 3–4. Thus, the Court considers whether Petitioner has "*no opportunity* to obtain redress in state court or the state process [is] *so clearly deficient* as to render *futile* any effort to obtain relief." *Jumpp v. Cournoyer*, No. 3:15-CV-892 (VLB), 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (emphasis in original) (citing *Duckworth*, 454 U.S. at 3).

In the Second Circuit, "a failure to exhaust may be excused . . . where there has been 'substantial delay in the state criminal appeal process.'" *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013) (summary order) (quoting *Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991) (nine-and-a-half years constituted "substantial delay" that excused failure to exhaust claims)); *see also Muwwakkil v. Hoke*, 968 F.2d 284 (2d Cir. 1992) (stating that petitioner's 13-year processing delay "clearly denied [the petitioner] his right to a speedy appeal" and finding that where the petitioner regularly wrote to counsel and then to legal aid groups throughout the period of delay, petitioner had shown diligent efforts to pursue the appeal); *Simmons v. Reynolds*, 898 F.2d 865, 867 (2d Cir. 1990) (exhaustion argument properly rejected where petitioner had "made frequent but unavailing requests to have his appeal processed" during its six-year pendency).

In determining whether a delayed or otherwise ineffective state court proceeding may justify a federal habeas petitioner's failure to exhaust his state remedies, courts within the Second Circuit consider "(1) the length of the delay, (2) the reason for the delay and the party responsible, (3) whether petitioner asserted his right to a decision, and (4) ensuing prejudice." *Roberites*, 546 F. App'x at 19 (stating courts assessing whether delay excuses exhaustion should consider criteria articulated in *Barker v. Wingo,* 407 U.S. 514, 530 (1972), that apply to speedy trial challenges). "[N]o one factor is dispositive and all are to be considered together with the relevant circumstances." *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990) (citing *Barker*, 407 U.S. at 530–33). A court may also consider federal-state comity in considering whether undue delay excuses a failure to exhaust. *See Washington v. James*, 996 F.2d 1442, 1449 (2d Cir. 1993) ("[W]here nonexhaustion is primarily the fault of the state court system itself, comity and federalism cannot require blind deference.").

The Second Circuit has held that there is no "specific interval of time after which a habeas petition based on delay of a state prisoner's appeal would excuse compliance with the federal exhaustion requirement." *Simmons*, 898 F.2d at 870. Courts often look to "the complexity of the litigation, the advocacy of the parties, and the institutional vigilance of the Court" to determine if the delay was excessive. *Geames v. Henderson*, 725 F. Supp. 681, 685 (E.D.N.Y. 1989) (citations and internal quotations omitted). In addition, the length of Petitioner's sentence may also be considered. *See, e.g.*, *Hall v. Le Claire*, No. 10-CV-3877 (LAP), 2015 WL 6395869, at *16 (S.D.N.Y. Oct. 21, 2015) (holding that "the delay in this case was a small fraction of the petitioner's sentence[,]" so "the first *Barker* factor does not weigh in [the petitioner's] favor").

Here, Petitioner asserts that "[f]ourteen lawyers and 21 years behind bars and your petitioner has yet to receive any justice." ECF No. 25 at 5. But Petitioner misstates the record and misapprehends the law. Indeed, Petitioner has been an active participant in his post-conviction litigation in connection with his prior and still pending, habeas petitions and appeals. It is manifest that he was not deprived of an opportunity to obtain redress in state court; nor is there any evidence of a deficient state corrective process. Petitioner had state-appointed counsel for his direct appeal and his two state habeas actions filed prior to this federal petition. *See Kendall*, 123 Conn. App. 625 (noting assistant public defender); *Kendall*, 162 Conn. App. 23 (noting assigned counsel); *Kendall*, 2014 WL 1345310 (noting assigned counsel); *see also Kendall*, No. TSR-CV-16-4007951-S (noting assigned counsel).

The record is largely undisputed that any delay to Petitioner's exhaustion of his state court habeas remedies is attributable, in part, to a global pandemic, but largely to Petitioner's own actions—first by attempting to withdraw his habeas action on the day of trial, then dismissing his

12

assigned counsel, and then amending his current petition, despite being advised of (and agreeing to) a likely lengthy continuance of his trial date.

Nor has Petitioner incurred any prejudice with respect to the claims pending in the instant matter. First, while germane to the question of the exhaustion requirement, Petitioner's claim that the delay in his state-court proceedings has resulted in a denial of justice is not cognizable under federal habeas review. *Green v. Rodriguez*, No. 3:19-CV-1051 (CSH), 2019 WL 13521117, at *2 (D. Conn. Oct. 3, 2019) ("Petitioner's claims based on a delay in hearing his state habeas petition are not cognizable on federal habeas review."); *see also Mathis v. Hood*, 937 F.2d 790, 794 (2d Cir. 1991) (noting "appellate delay by itself" is not "grounds for habeas relief.").[6]

Second, Petitioner's Amended Petition in this matter and his amended petition in the still pending state matter (Case No. TSR-CV-16-4007951-S) assert different bases for his claims of trial counsel's failure to raise a third-party culpability defense. In his state amended petition (in Case No. TSR-CV-16-4007951-S), Petitioner claimed that his trial counsel's performance was deficient for failure to raise third-party culpability defense due to DNA, fingerprint, and other physical evidence found at the scene of the fire. Resp't App'x S, ¶¶ 25–27. By contrast, his federal Amended Petition challenges his trial counsel's failure to raise third-party culpability on the basis of "an unidentified person witnessed to have been seen at the scene of the crime along with a gray van, prior to, and during the fire." *See* Am. Pet. at 7, 19–20. Thus, Petitioner's pending state amended petition did not present for state court review a claim that is the "substantial equivalent"

---

[6] For this reason, the Court notes that this claim appears to be frivolous. However, the Court dismisses this claim without prejudice for lack of exhaustion rather than denying it on the merits. The Court cannot consider the merits of an individual claim in a habeas petition without denying the entire petition on the merits. *See Schwartz v. Comm'r of Corr.*, No. 3:19-CV-1149 (MPS), 2020 WL 6263545, at *4 (D. Conn. Oct. 23, 2020) ("[U]nexhausted claims may be reviewed on the merits only if the habeas court is going to deny the entire petition." (quotations omitted)).

to his second ground for relief in his federal petition under § 2254. *Jones*, 329 F.3d at 295. Accordingly, even if the state courts had completed review of his pending habeas action under Case No. TSR-CV-16-4007951-S, Petitioner's second ground for relief in his federal Amended Petition would be considered premature as an unexhausted claim for purposes of a § 2254 petition. Perhaps Petitioner can amend his pending state court habeas petition to include this ground in advance of the April 2026 trial.

In sum, the Court concludes that the Motion to Dismiss should be granted. However, this dismissal for failure to exhaust state court remedies is without prejudice to the filing of a renewed § 2254 petition after the claims are fully exhausted in the state courts. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *see also Green v. Quiros*, No. 3:20-CV-1217 (CSH), 2021 WL 1670293, at *4–5 (D. Conn. Apr. 27, 2021).

**CONCLUSION**

Respondent's Motion to Dismiss [**ECF No. 12**] is **GRANTED**. The Amended Petition is **DISMISSED** without prejudice to refiling a new petition after Petitioner has fully exhausted all available state court remedies as to all grounds upon which he would seek federal habeas corpus relief. The Court concludes that jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies on all grounds asserted in this Petition. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when

a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

**SO ORDERED** this 15th day of October, 2025, at Bridgeport, Connecticut.

/s/ Kari A. Dooley
Kari A. Dooley
United States District Judge